NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
29932
06-APR-2011
08:07 AM

NO. 29932

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


CITIBANK (SOUTH DAKOTA), N.A., Plaintiff-Appellee, v.
SOLOMON D. NALUAI, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KOʻOLAU POKO DIVISION
(CIVIL CASE NO. 1RC08-1-10930)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Defendant-Appellant Solomon D. Naluai (Naluai) appeals from the June 2, 2009 Judgment in favor of Citibank (South Dakota), N.A. (Citibank) and against Naluai, entered in the District Court of the First Circuit, Koʻolau Poko Division (district court).[1]

On appeal, Naluai contends that the district court (1) violated his constitutional rights to trial by jury and to due process of law by denying his May 5, 2009 Response/Motion/ Jury Trial Demand and his May 26, 2009 Objection and by granting summary judgment in favor of Citibank, (2) erred by considering Citibank's material facts on creation of a contract absent a contract, and (3) erred in denying his In Forma Pauperis Motion for failure to meet financial qualifications.

After a careful review of the issues raised, the arguments made by the parties, the record and the applicable law, we resolve Naluai's points as follows.

1.  The district court did not violate Naluai's constitutional rights to trial by jury and due process.  Naluai's

---

[1]  The Honorable Christopher P. McKenzie presided.

May 5, 2009 request for a jury trial was untimely as it came more than three months after he appeared on January 7, 2009 to contest the instant complaint. Hawai'i District Court Rules of Civil Procedure (DCRCP) Rule 38(b);[2] see also Bank of Hawaii v. Shaw, 83 Hawai'i 50, 56, 924 P.2d 544, 550 (App. 1996) ("The DCRCP Rule 38(b) jury demand deadline is clear and unambiguous."). By failing to comply with "the mechanics constituting a reasonable regulation of the manner of exercising that right," Naluai failed to properly preserve his right to a jury trial. Bank of Hawaii, 83 Hawai'i at 57, 924 P.2d at 551 (emphasis and citation omitted). Therefore, his right was not violated.

2. The district court did not err by granting summary judgment in favor of Citibank. While Citibank did not produce a signed agreement, it did present evidence of the terms of the contract for Naluai's use of the credit card, statements for the credit card number bearing Naluai's name, payments that evidenced an outstanding debt of $13,692.17, and copies of Naluai's payments that included checks reflecting the same credit card number. See Discover Bank v. Bridges, 226 P.3d 191, 194 (Wash. Ct. App. 2010) (acceptance of terms and acknowledgment of credit card account may be established by evidence of cancelled checks or online payment documentation) and Durette v. Aloha Plastic Recycling, Inc., 105 Hawai'i 490, 504, 100 P.3d 60, 74 (2004) ("[i]mplied contracts . . . show a mutual intention to contract" evidencing "an agreement in fact, creating an obligation, is implied or presumed from . . . acts" reflecting "that defendant requested plaintiff to render the services or

---

[2] DCRCP Rule 38(b) states:

> **(b) Demand.** Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the case is at issue. . . . Upon such demand, the party demanding a trial by jury shall pay to the clerk of the district court such costs for trial by jury as are payable in the circuit court, and the case shall be transferred to the circuit court. The clerk shall prepare, certify and transmit all of the papers within 20 days after the filing of the demand.

2

assented to receiving their benefit under circumstances negativing any presumption that they would be gratuitous") (internal quotation marks, emphasis, and citations omitted). Naluai did not present evidence that controverted Citibank's evidence nor does he contest that he received benefit from the use of the credit card. The district court did not err in granting summary judgment in favor of Citibank.

3. This court lacks jurisdiction to consider issues related to the In Forma Pauperis Order. The In Forma Pauperis Order was not included in Naluai's notice of appeal and cannot reasonably be construed to be included therein, where the In Forma Pauperis Order was filed after the district court received Naluai's notice of appeal. The In Forma Pauperis Order was a separately appealable order[3] from which Naluai did not appeal. Chun v. Bd. of Trs. of Emps.' Ret. Sys. of State of Hawaii, 92 Hawai'i 432, 447-48, 992 P.2d 127, 142-43 (2000) (a post-judgment final appealable order "ending the proceedings, leaving nothing further to be accomplished[,]" that was excluded from the notice of appeal deprived the court of appellate jurisdiction to review such order). Accordingly, we lack jurisdiction to address Naluai's claim of error on this issue.

Therefore, the June 2, 2009 Judgment of the District Court of the First Circuit, Ko'olau Poko Division, is affirmed.

DATED: Honolulu, Hawai'i, April 6, 2011.

On the briefs:

Solomon D. Nalua'i,
Defendant-Appellant, pro se.

Marvin S.C. Chang and
Jason M. Oliver,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[3] See State v. Hayashida, 55 Haw. 453, 454, 522 P.2d 184, 185 (1974) (deciding the appellate court had jurisdiction pursuant to Hawaii Revised Statutes § 602-5 (Supp. 1973) over appeal from the denial of a portion of a criminal defendant's motion for leave to appeal in forma pauperis).